McADAM, J.
The relator was tried on the charge that while on duty in the Central Park, in citizen’s clothes, he did, on January 1, 1894, between three and four p. m., unjustifiably arrest Mr. Elliott Sandford on the charge of having committed an indecent assault upon the relator’s person, the last mentioned charge being false and untrue. It was charged that while Mr. Sand-ford was in the monkey house of the Central Park menagerie, at the time mentioned, looldng at the animals, with his gloved hands behind his back, he put his hands upon the person of the officer and' squeezed him. The explanation 'Mr. Sandford gave was that the monkey house was crowded with sight seers, that on that account the officer pushed up against him, and that if his hands did come in contact with the person of the officer, it was by the officer’s pressure against him, and without any intention on his part. The explanation is highly probable, and is no doubt true. At all events, the respondents found, upon evidence which amply sustains their finding, that the arrest was unwarranted, ^hey had jurisdiction to try the charges against the relator, *487 which involved, not only the question whether he made an improper arrest, hut whether it was the result of design, rather than accident. If it was,—and the evidence sufficiently sustains the commissioners in so finding, the relator was guilty of conduct unbecoming an officer, which fully justifies his discharge. The authorities uniformly hold that if there be a fair conflict in the evidence, or if it be such that different inferences might be properly drawn from it, the determination of the commissioners, like the verdict of a jury, will not be interfered with, unless it is clearly against the weight of evidence, and appears to have been influenced by passion, prejudice, mistake or corruption. While the respondents may have been pleased to have the opportunity ■of vindicating a gentleman of character from the peculiarly offensive charge made, the record does not warrant imputing to them passion, prejudice, or corruption. We are satisfied that they acted conscientiously, and with a sense of the responsibility attending their position, and find no reason to dissent from the result at which they arrived. That the relator was wrong in making the arrest clearly appears by the proofs. That he was liable to err may be assumed from the fact that his record discloses fourteen separate charges, extending from 1882 to 1889; having been fined for neglect of duty, violation of rules, conduct unbecoming an officer, insubordination, and being off post, and neglect of duty. These things give color to the theory that in this instance the relator may have been as unmindful of his duty as in the fourteen other cases where he had been so adjudged.
The adjudication must be affirmed, with costs.
All concur. '